UNITED STATES et al. v. CHADWICK
et al.

Civil Action No. 6099.

District Court, N. D. Alabama, S. D.

Feb. 25, 1948.

920

John D. Hill, U. S. Atty. of Birmingham, Ala., for plaintiffs.

Caesar B. Powell and Robert H. Loeb, both of Birmingham, Ala., and E. K. Hanby, of Gadsden, Ala., for defendants.

LYNNE, District Judge.

The above entitled matter having come on for hearing on the 24th day of February, 1948, upon an order to show cause why a temporary injunction as prayed for in the complaint on file here should not be granted, and all parties being represented by counsel it was by them stipulated that the court might hear the case on the merits and make and enter final judgment herein.

The court having heard the testimony of witnesses for the plaintiffs and for the defendants, and having considered the evidence introduced, and being fully advised in the premises, does hereby make the following.

## I.
### Findings of Fact.

1. The defendant Carl A. Chadwick was employed by the Wage and Hour and Public Contracts Divisions of the United States Department of Labor, as an inspector on active duty from on or about May 23, 1941, to on or about May 9, 1947, and that he was thereafter placed on annual leave until sometime in September, 1947, and during said period received his salary from the Government.

2. As part of his regular duties as an inspector he and another inspector were assigned to and did complete an inspection under the Walsh-Healey Public Contracts Act, 41 U.S.C.A. § 35 et seq., of the employment practices of the other defendants herein in the production of materials and supplies to fill contracts with the Government, and that said investigation as carried on by him during the period between June 27, 1946 and April 8, 1947, consumed approximately 670 working hours.

3. In the course of said investigation the defendant Chadwick had access to all file material previously obtained, interviewed the other individual defendants and responsible officials of the defendants' partnerships and companies, transcribed and made notes and memoranda respecting their records of Government contracts and of their employment practices, interviewed

and obtained written statements from numerous employees, and otherwise performed the duties of an inspector in connection with said investigation.

4. During the period when the defendant Chadwick was so employed, applicable rules of the Wage and Hour and Public Contracts Divisions covering inspection policies and procedures in pertinent part were as follows:

191.4 Disclosure of Information (FLSA-PCA)

141.41 Confidential Nature of Inspection Information (FLSA-PCA)

"Information obtained during or as a result of an inspection must be considered confidential and every precaution taken to protect the interests of both employee and employer."

The said Chadwick had knowledge of said rule.

5. During the period when said Chadwick was so employed applicable rules of the Wage and Hour and Public Contracts Divisions concerning inspection policies and procedures required that all "work papers" be included in the inspection file. The said Chadwick had knowledge of said rule.

6. Following said investigation, and as a part thereof, the defendant Chadwick, concurring with the other inspector on the case, prepared and signed an inspection report and included therein his recommendation that criminal and blacklist action be taken against said other defendants under the Fair Labor Standards Act 29 U.S.C.A. § 201 et seq., and the Walsh-Healey Public Contracts Act, respectively.

7. Sometime in August, 1947, the defendant Chadwick accepted employment by the other defendants herein as a labor consultant, agent or advisor and has since continued in such employment and is now so employed.

8. On September 10, 1947, a complaint based upon the inspection made and report filed by the defendant Chadwick was signed by the Secretary of Labor and filed under the provisions of the Walsh-Healey Public Contracts Act. Said complaint charged the defendants, other than Chadwick, with violations of that Act, and in the course of the proceedings thus instituted there has been a pre-trial hearing and a hearing on the merits before a Hearing Examiner appointed by the Secretary. Said hearing is being conducted at Gadsden, Alabama, and, having been adjourned from time to time, is presently in progress.

9. Following the filing of said complaint the defendant Chadwick has advised and consulted with the other defendants and their attorney in connection therewith; has conducted an investigation in their behalf of the facts alleged in said complaint; has rechecked many of the employment records previously checked by him as an inspector for the Government; has reinterviewed many of the witnesses previously interviewed by him as an inspector for the Government and has generally assisted in the preparation of the defense which has been and is being offered by the other defendants herein at said administrative hearing.

10. At said administrative hearing the defendant Chadwick sought to appear on behalf of the other defendants herein at the counsel table, but upon motion of the Government's attorneys was excluded from the hearing's room. Said motion was resisted by the attorney representing said other defendants. That after being so excluded, he continued to advise and counsel with said attorney, to interview witnesses before they took the stand, and generally to assist in the defense.

11. That said administrative hearing was thereafter recommenced de novo before another Hearings Examiner and that the defendant Chadwick again, aided by the attorney for the other defendants, sought to appear on behalf of said defendants at the counsel table and was again excluded by ruling of the Hearings Examiner. He thereupon sought permission from the Secretary of Labor to appear and said application was denied as follows:

"Petition requesting permission for Carl A. Chadwick to participate in the matter of Kahn Ribbon Mills Inc., PC 369 is denied. Chadwick is currently an employee of the Department of Labor on furlough until May 1948. As an employee, he may not

participate, advise, consult, or in any other manner assist in any aspect of this matter. Since he actually gave personal consideration to the investigation of this matter while an active employee of the Department his complete disqualification will continue even after he terminates his employment with the Department.

."Secretary of Labor"

12. After said exclusion and said denial the defendant Chadwick nevertheless continued to advise and counsel with the attorney for the other defendants herein, to interview witnesses before they took the stand and to otherwise assist the other defendants in their defenses at the administrative hearing. That it is the announced intention of the attorney for said other defendants to continue to seek and accept the advice and counsel of said Chadwick in the course of said hearing. Such advice and counsel and the value of same to the other defendants is in part at least based upon information gained while he was employed by the Government. The defendant Chadwick will continue to give and the other defendants herein will continue to receive such advice and counsel unless restrained by an order of the court.

13. Regulations of the United States Department of Labor were promulgated by the Secretary of Labor pursuant to authority granted by 5 U.S.C.A. § 22 and the pertinent portions are as follows:

"Part 2—General Regulations of the Department of Labor. Former Employees Desiring to Practice Before the Department.

"2.1 Employees attached to Regional offices. No person who has been an employee of the Department and attached to a Regional office of any bureau, board, division or other agency thereof, shall be permitted to practice, appear, or act as attorney, agent or representative before the Department or any branch or agent thereof in connection with any case or administrative proceeding which was pending before such Regional office during the time of his employment with the Department, unless he shall first obtain the written consent thereto of the Secretary of Labor or his duly authorized representative."

"2.3 Consent of the Secretary. The consent of the Secretary may be obtained as follows:

"The applicant shall file an application in the form of an affidavit. Such application, directed to the Secretary should

"(a) state the former connection of the applicant with the Department,

"(b) identify the matter in which the applicant desires to appear, and

"(c) contain a statement to the effect that the applicant gave no personal consideration to such matter while he was an employee of the Department.

"The application will be denied if the statements contained therein are disproved by an examination of the files, records and circumstances pertaining to the matter, or if, in the opinion of the Secretary, the public interest so requires."

"Article III.—Unofficial Access to Records. Regulations of the Department of Labor.

"Section 1. Withdrawal of Originals. No account, letter, record, file, or other document or paper in the custody of the Department, or of any bureau, office, or officer thereof, shall on any occasion be taken or withdrawn by any agent, attorney, or other person not officially connected with the Department; no exception will be made without the written consent of the Secretary.

"Section 2. Copies. Copies of accounts, letters, records, files, and other documents or papers shall not be furnished to any person except with the written consent of the Secretary. Such written consent will be granted only to such persons as may have a personal material interest in the subject matter of the papers or at their request. Applications for copies of documents, accounts, records, or files should be made to the Secretary and should be accompanied by an affidavit setting forth the interest of the applicant and showing the reason why and the purpose for which the copies are desired. Except where requests are made by the Attorney General under section 168 [sic] of the Revised Statutes for evidence touching the claims of persons suing the United States in the Court of Claims, or by persons making the application and affidavit provided for in the act of August 13, 1894,

as amended by the act of February 24, 1905 (33 Stat.L. 812 [40 U.S.C.A. § 270a note]), copies of accounts, letters, documents, records or other papers desired by or on behalf of parties to causes pending in any court shall be furnished only to the court on an order or a rule of the court requesting the Secretary to furnish the same, and then only when the production of such copies will not, in the judgment of the Secretary, be prejudicial to the Government or the public interest. No exception will be made without the written consent of the Secretary."

14. The defendant Chadwick upon termination of his employment by the Wage and Hour and Public Contracts Divisions retained certain notes and memoranda of information obtained by him in his official capacity in connection with his investigation of the other defendants herein and of their employers, and that he had retained certain of said notes.

15. The defendant Chadwick in addition to his employment by the other defendants herein as labor consultant, agent or advisor, has been employed in a similar capacity by other firms and individuals whose activities he had previously inspected as an employee of the Government, and concerning whom he has retained notes and memoranda made during the course of such inspections.

Wherefore the court makes the following:

II.

Conclusions of Law.

1. The court has jurisdiction of this action and of the parties hereto.

2. The Regulations of the Department of Labor set forth in the findings above are valid and are binding upon the parties and as the matter involving the other defendant herein was pending during his employment preclude the defendant Chadwick from directly or indirectly practicing, appearing or acting as attorney, agent or representative of the other defendants herein at the administrative proceeding now pending before a Hearings Examiner of the Department of Labor at Gadsden, Alabama, except as to such extent that he may be called upon to testify as a witness by such defendants or by the Government.

3. The employment of the defendant Chadwick by the Government was in a confidential capacity and the information obtained by him in the course of such employment was confidential and privileged. The notes, memoranda, statements and other material made and taken by him in the course of said employment, were and are, the property of the Government.

4. Revelation by the defendant Chadwick to the other defendants herein of confidential information obtained by him in the course of his official duties as an inspector for the Wage and Hour and Public Contracts Divisions of the United States Department of Labor will result in irreparable damage to the plaintiffs in that if permitted will destroy confidence in the law and the integrity of the Government Service, render difficult, if not impossible, enforcement of the Fair Labor Standards Act and the Walsh-Healey Public Contracts Act, and will interfere with the orderly conduct of established administrative procedures and the orderly administration of the Walsh-Healey Public Contracts Act.

5. The plaintiffs have no adequate remedy at law.

6. The plaintiffs herein are entitled to an injunction restraining the defendant Chadwick from appearing at the administrative hearing aforesaid as an attorney, agent, or representative of the other defendants herein, and in good conscience and the furtherance of sound public policy in order that he may not do indirectly that which he is prohibited from doing directly, the injunction pursuant to the broad equity powers of this court will further prohibit him from counselling or advising the other defendants or their attorneys beyond the extent necessary to his own appearance as a witness; and restraining him from revealing to the other defendants herein any information obtained by him in his official capacity while employed by the Government, and enjoining him to forthwith return to the plaintiffs any and all notes or memoranda made or taken by him while in the employment of the Government in connection with any official investigation made by him in the course of such employment.

7. The plaintiffs are entitled to their costs and disbursements herein for which execution may issue.

Let judgment be entered accordingly.